IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 14-50-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| GILBERT JOSEPH DONEY TORRES, SR., | |
| Defendant. | |

Defendant Torres moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic. He is currently serving a 120-month sentence for a federal drug offense. *See* Judgment (Doc. 48). His projected release date is December 12, 2024. *See* Inmate Locator, www.bop.gov/inmateloc (accessed Apr. 12, 2021).

As of April 12, 2021, one inmate and five staff members at FCI Sheridan, Oregon, where Torres is incarcerated, currently test positive for the virus or

1

disease. Fifty-eight inmates and 13 staff members have recovered. *See* Interactive Map, www.bop.gov/coronavirus (accessed Apr. 12, 2021). Sheridan has been one of the most successful Bureau of Prisons facilities in controlling the spread of the SARS-CoV-2 virus.

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce a sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[1] The applicable factors from § 3553(a) may include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). The Court may also

---

[1] The statute provides that any sentence reduction must be consistent with the "applicable" policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018). But the guideline has not been revised since Congress amended § 3582(c)(1) to allow defendants, not just the Director of the Bureau of Prisons, to move for sentence reductions. The Ninth Circuit now holds that U.S.S.G. § 1B1.13 applies only to motions for release filed by the Director. *See, e.g., United States v. Aruda*, __ F.3d __, No. 20-10245, slip op. at 11, 2021 WL 1307884 at *4 (9th Cir. Apr. 8, 2021) (per curiam); *see also United States v. McCoy*, __ F.3d __, 2021 WL 1168980 at *12 (10th Cir. Mar. 29, 2021); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020).

2

consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants and to provide restitution to victims. *See id.* § 3553(a)(A), (6)–(7).

Torres has served something less than six years of a ten-year sentence. Allowing for good-conduct time, he seeks a reduction of nearly four years.

### A. Reason for Release

Torres is 54 years old. The United States concedes that, due to his diabetes, hypertension, and rheumatoid arthritis, he can show an extraordinary and compelling reason to reduce his sentence. *See* Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed Apr. 12, 2021); U.S. Resp. (Doc. 56) at 15, 19–20; Medical Record (Doc. 57-1) at 94–95.

### B. Section 3553(a) Factors

None of Torres's prior convictions led to a prison sentence longer than five years, and nearly all of his sentences were under one year and/or probationary. But the criminal history section of Torres's presentence report extends to more than 30 arrests in less than 30 years. *See* Presentence Report ¶¶ 59–77, 81–83, 88–99. Some of the arrests are for minor offenses or were dismissed, but the pattern shows

3

persistent disrespect for the law. Torres was known to many people to be involved in drug trafficking. He contested what they said about him, but he did not claim they did not know him. *See id.* ¶¶ 42–53; Addendum at 31.

In addition, Torres has received disciplinary sanctions for four violations, one for not wearing his mask, one for possessing an unauthorized item, and two for fighting, all in the last four years and most recently in October 2020. *See* Resp. Ex. (Doc. 56-1) at 1–2. In the influx of compassionate release motions this Court has seen, disciplinary records are uncommon.

### C. Conclusion

Torres is placed at a facility that has had a low rate of infection, and over 40% of the population has been fully vaccinated. *See COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus; https://www.bop.gov/locations/institutions/she (both accessed Apr. 12, 2021). While he does have multiple health conditions known to increase his risk of developing severe illness if he contracts COVID-19, he is currently better situated to avoid the risk than many other prison inmates. His disciplinary history is discouraging.

Considering all the relevant circumstances, reducing Torres's sentence to time served would denigrate the seriousness of his offense, pose a danger to the public, and undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

Accordingly, IT IS ORDERED that Torres's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 53) is DENIED.

DATED this 12th day of April, 2021.

Susan P. Watters
United States District Court